IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENALL MANUFACTURING COMPANY and UNIVERSITY OF STRATHCLYDE </br></br> Plaintiffs, </br></br> v. </br></br> CLEAR-VU LIGHTING LLC </br></br> Defendant. | Case No. _____ |

## COMPLAINT

Plaintiffs Kenall Manufacturing Company ("Kenall") and University of Strathclyde ("Strathclyde") (collectively "Plaintiffs"), by their undersigned attorneys, for their Complaint against Clear-Vu Lighting LLC ("Clear-Vu" or "Defendant") herein allege:

### NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, including 35 U.S.C. § 271, arising from Clear-Vu's actions, including making, using, importing, selling, and/or offering for sale one or more products in violation of U.S. Patent No. 9,039,966 ("the '966 Patent").

### THE PARTIES

2. Kenall is a corporation organized and existing under the laws of the State of Illinois, having its principal place of business at 10200 55th Street, Kenosha, Wisconsin 53144. Kenall is engaged in the business of providing intelligent, durable, and sustainable solutions to complex lighting problems.

3. Strathclyde, incorporated by Royal Charter of Queen Elizabeth II, is a charitable body registered in Scotland with registration number SC015263, having its principal place of business at 16 Richmond Street, Glasgow G1 1XQ, Scotland, United Kingdom.

4. On information and belief, Clear-Vu is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 1150 Motor Parkway Central Islip, New York 11722.

5. On information and belief, Clear-Vu is a subsidiary of Autronic Plastics, Inc. and shares a production and assembly facility with Autronic Plastics, Inc.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338(a) and 1367.

7. Personal jurisdiction exists over Clear-Vu because it is incorporated in this State and, upon information and belief, makes, uses, imports, sells and/or offers for sale infringing products to consumers in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because (i) Clear-Vu has a regular and established place of business in this State and has committed acts of infringement in and has significant contacts with this District; and/or (ii) Clear-Vu resides in this State, and thus for the purposes of judicial venue, resides in each judicial district located in this State, including this District.

## FACTUAL BACKGROUND

### The '966 Patent

9. On May 26, 2015, the United States Patent and Trademark Office issued the '966 Patent, entitled "Inactivation of Gram-Positive Bacteria." The '966 Patent issued to John Anderson, Michelle Maclean, Gerald Alexander Woolsey, and Scott MacGregor. At the time of its issue, the '966 Patent was assigned to Strathclyde. Strathclyde currently holds title to the '966 Patent. Strathclyde has licensed the '966 Patent to Kenall. A copy of the '966 Patent is attached as Exhibit A.

2

10. Kenall's products that practice the inventions of the '966 Patent include without limitation light fixtures that emit visible light that is proven to kill harmful bacteria linked to hospital acquired infections, such as methicillin-resistant *Staphylococcus aureus* ("MRSA"), while providing ambient illumination.

11. To the extent required by law, Plaintiffs have complied with the provisions of 35 U.S.C. § 287.

12. Kenall has been praised by media outlets, such as USA Today, Business Wire, and the Huffington Post for its development of disinfectant lighting solutions.

### Clear-Vu's Accused Products

13. On information and belief, Clear-Vu makes, uses, imports, sells, and/or offers to sell products that incorporate disinfectant technology that practices the claimed inventions of the '966 Patent, including without limitation the orLED light fixture shown below and any similar products ("Accused Products").



14. On information and belief, Clear-Vu makes, uses, sells, imports and/or offers for sale the Accused Products both in this District and State and throughout the United States.

15. The Accused Product is marketed and offered for sale to various industries to both provide illumination and to kill harmful germs, for example, in spaces like operating rooms.

16. The Accused Products infringe at least claim 1 of the '966 Patent, which recites:

3

>A method for disinfecting air, contact surfaces, or materials by inactivating methicillin-resistant Staphylococcus aureus (MRSA) in the air, on the contact surfaces, or on the materials, said method comprising exposing the MRSA to visible light without using a photosensitiser, wherein the visible light for inactivating the MRSA consists of wavelengths in the range of 400-420 nm, and wherein the method is performed outside of a human body, the contact surfaces or the materials are non-living, and the air, contact surfaces or materials are not exposed to a disinfecting dose of light at a wavelength above 500 nm.

17.     Upon information and belief, the Accused Products infringe at least claim 1 of the '966 Patent including by making, using, importing, selling, and/or offering for sale the Accused Products.

18.     For example, the Accused Products kill and/or inactivate numerous bacteria such as MRSA and are used in applications outside the human body by "providing continuous surface disinfection" for contact surfaces and/or materials that are non-living, such as surgical instruments and floors.  A copy of Clear-Vu's literature, specifications, and order sheet is attached hereto as Exhibit B.

19.     The Accused Products use "precisely engineered wavelengths of visible light" in the range of 400-420 nm, including "405nm LED disinfecting technology [to] kill bacteria." *See* Exhibit B.

20.     Upon information and belief, the Accused Products do not use a photosensitiser.

21.     Upon information and belief, the Accused Products do not expose the air, contact surfaces, or materials to a disinfecting dose of light at a wavelength above 500nm.

4

22. On information and belief, Clear-Vu is responsible for making, using, importing selling, and/or offering for sale the Accused Products.

23. Clear-Vu has infringed, is currently infringing, and unless enjoined, will continue to infringe at least claim 1 of the '966 Patent in the United States by making, using, importing, selling, and/or offering for sale the Accused Products.

24. Clear-Vu published and distributed literature and instructions about the Accused Products to its customers and potential customers and, upon information and belief, made statements to customers and potential customers in the marketplace, about the application, efficacy, and technology of the Accused Products and how they are used.

## COUNT I
## INFRINGEMENT OF THE '966 PATENT

25. Plaintiffs re-allege the allegations in paragraphs 1–24 as though fully set forth herein.

26. The '966 Patent is valid, enforceable and legally issued from the United States Patent and Trademark Office.

27. Without a license or permission from Plaintiffs, Clear-Vu has infringed, is currently infringing, and unless enjoined will continue to infringe the '966 Patent in violation of 35 U.S.C. § 271.

28. Clear-Vu has directly infringed the '966 Patent by making, using, importing, selling, and/or offering to sell the Accused Products.

29. On information and belief, Clear-Vu has willfully infringed and continues to willfully infringe the '966 Patent despite knowledge of the '966 Patent (at least as of the date of the filing of this complaint) and despite an objectively high likelihood that the making, using,

importing, selling, and/or offering for sale of the Accused Products would infringe one or more claims of the '966 Patent.

30. Clear-Vu has indirectly infringed and continues to indirectly infringe at least claim 1 of the '966 Patent by actively and intentionally inducing direct infringement by its customers and others within the United States, and/or intentionally contributing to their direct infringement of the '966 Patent. Clear-Vu has accomplished this indirect infringement by instructing and encouraging those persons, by means of promotional and instructional literature, among other things, to use Clear-Vu's infringing products in a manner that infringes the '966 Patent, and/or through its offer to sell the Accused Products to such persons, where that product has no substantial, non-infringing use.

31. Clear-Vu's acts of infringement have caused damaged to Plaintiffs, and Plaintiffs are entitled to recover from Clear-Vu the damages sustained as a result of Clear-Vu's infringement in an amount subject to proof at trial.

32. Plaintiffs have suffered and will continue to suffer irreparable injury and damages as a result of Clear-Vu's infringement of the '966 Patent, for which Plaintiffs are entitled to relief. Plaintiffs seek damages, as well as injunctive relief against further infringement.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs incorporate each of the allegations in paragraphs 1 through 32 above and respectfully request that this Court grant the following relief:

A. Judgment that the '966 Patent is valid, enforceable, and that Clear-Vu has directly infringed, contributorily infringed, and induced infringement of the '966 Patent;

B.	Clear-Vu and its agents, employees, servants, subsidiaries, divisions, affiliates, and all persons acting for, with, or in concert with them be temporarily, preliminarily, and permanently enjoined from engaging in the aforesaid unlawful acts of patent infringement;

C.	Judgment that Clear-Vu's acts of patent infringement are willful;

D.	An award of damages for past and future damages, costs, expenses, together with prejudgment and post-judgment interest to compensate for Clear-Vu's infringement of the '966 Patent provided under 35 U.S.C § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

E.	A determination that this is an exceptional case within the meaning of 35 U.S.C. § 285 and an award of Plaintiffs' attorneys' fees, costs, and expenses incurred in this action; and

F.	Such further and other relief as this Court deems just and proper.

Date: November 17, 2017              Respectfully submitted,

By: /s/ Marc J. Rachman
Marc J. Rachman
Devin A. Kothari
DAVIS & GILBERT LLP
1740 Broadway
New York, New York 10019
T: 212.468.4890
F: 212.468.4888
E: mrachman@dglaw.com
E: dkothari@dglaw.com

*OF COUNSEL*

Benjamin T. Horton (*Pro Hac Vice* to be filed)
Michelle Bolos (*Pro Hac Vice* to be filed)
MARSHALL GERSTEIN & BORUN LLP
6300 Willis Tower
233 S. Wacker Dr.
Chicago, IL  60606
T: 312.474.6300
F: 312.474.0448

E:  bhorton@marshallip.com
E:  mbolos@marshallip.com

*Attorneys for Plaintiffs*

1867317.1 07503-9999-000
1867431.1 07503-9999-000